ORDER
This case comes before the court on the basis of a Joint Settlement Motion filed by the parties on January 20, 1955, and a Memorandum Report by a commissioner of this court filed on January 24, 1955, which sets forth the following facts:
On August 26, 1952, House Resolution 700, 82d Congress, 2d Session, together with certified copies of bill H. R. 4507 and House Report No. 2227, was filed in this court. On November 7,1952, the plaintiff filed a timely petition asking this court to enter judgment in his favor for $100,000, if it has jurisdiction, or, if it has not jurisdiction, to report to Congress that said sum is legally or equitably due to the claimant. House Resolution 700 requests this court to report findings and conclusions sufficient to inform the Congress of the nature and character of the demand and of the amount due to the claimant.
The claimant asks for compensation for past and future use of a process and machine said to have been invented and patented by the plaintiff. The patent involved is identified as Patent No. 2,493,439, which issued January 3, 1950, to the plaintiff, and relates to relief duplicating machines and to methods of producing relief maps. The plaintiff is the sole owner of record of said patent. The patent does not expire until January 3, 1967, nearly twelve years from the present date.
Counsel for the government has filed a relief map made by the Army Map Service, and has also filed an illustrated brochure showing in detail the machine and methods used by said Service in forming relief maps.
*692 The parties have had three pretrial conferences with the commissioner, and three memoranda reciting the agreements reached are of record. The parties have also filed a stipulation of facts with respect to the patent in suit, and with respect to one of the accused machines and the method of its use by the government.
Counsel for the government has conducted an extensive investigation with respect to validity and infringement of the patent in suit,, and has given the required statutory and other notices of the prior art and of other alleged defenses, and of the witnesses that would be presented had this case proceeded to an actual trial.
After this case was scheduled for trial, the plaintiff and defendant agreed to settle this claim on the basis set forth in the Joint Settlement Motion filed in this court on January 20, 1955. The joint motion requests this court to dismiss the present petition in so far as it is based on a claim under Public Law 582 (28 U. S. C. 1498 — granting rights to government employees to maintain patent suits against the United States in the Court of Claims in certain instances). The joint motion also requests this court to report to the House of Representatives that the parties agree that a payment to claimant of a gratuity in the amount of fifteen thousand dollars ($15,000) would be in full settlement of all past and future claims with respect to the patent in suit, and of all other claims within the scope of H. It. 4507 (82d Congress, 1st Session). The Joint Settlement Motion was signed by Assistant Attorney General Warren E. Burger for the government, and was signed by William P. MacCraeken, Jr., attorney for the plaintiff. The motion also bears the written approval of John J. Braund, plaintiff.
The parties have further agreed that the order of this court on their Joint Settlement Motion will not be construed as an admission by either party as to any of the issues in the case.
The jurisdiction of this court to enter a judgment has been challenged by government counsel, and it appears that the court’s present jurisdiction, if any, to render judgment would be limited to the period between July 17,1952, and November 7,1952, a period of less than four months whereas the agreed settlement covers all claims both past and future.
NOW, therefore, it is ordered This eighth day of February, 1955, that said Joint Settlement Motion is granted and plaintiff’s petition insofar as it states a *693 claim under Public Law 582, 82d Congress, 2d Session, approved July 17,1952, is dismissed, and
In accordance with our rules we accept the agreement of the parties, as set out above, and hereby recommend to the Congress that plaintiff receive the sum of fifteen thousand dollars ($15,000) as a gratuity in full settlement of all claims with respect to the patent in suit and all other claims within the scope of bill H. R. 4507, 82d Congress, 1st Session, said recommendation being directed solely to the discretion of the Congress.
This order together with its findings and conclusions thereon will be certified to the Congress pursuant to House Resolution 700, 82d Congress, 2d Session.
By the Court.
MaRviN JoNes, Omef Judge.